**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)               *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDA GADDIS**<br>**25 Penn Boulevard**<br>**East Lansdowne, PA 19050**<br>*Plaintiff,*<br><br>v.<br><br>**BRANDYWINE SENIOR CARE, INC.**<br>**d/b/a BRANDYWINE SENIOR LIVING**<br>**AT HAVERFORD ESTATES**<br>**731 Old Buck Lane**<br>**Haverford, PA 19041**<br><br>**835 Springdale Drive, Suite 200**<br>**Exton, PA 19341**<br>*Defendant.* | Civil Action No.<br><br><br><br>Complaint and Jury Demand |

### CIVIL ACTION

Plaintiff, Brenda Gaddis (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Defendant, Brandywine Senior Care, Inc. d/b/a Brandywine Senior Living at Haverford Estates (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990, as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Brandywine Senior Care, Inc. d/b/a Brandywine Senior Living at Haverford Estates is an assisted living facility located at 731 Old Buck Lane, Haverford, PA 19041 and with a corporate headquarters located at 835 Springdale, Suite 200, Exton, PA 19341.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action

pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

11. Plaintiff exhausted her administrative remedies under the ADEA and the ADA.

12. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination against Defendant.

13. The Complaint was assigned the Charge Number 530-2015-04297 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 13, 2018. Plaintiff received the notice by mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of his Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. On May 9, 2000, Defendant hired Plaintiff as a Licensed Practical Nurse ("LPN").

20. Plaintiff was well qualified for her position and performed well.

21. Plaintiff was diagnosed with type 1 diabetes in or around 1982.

22. As a result of her disability, Plaintiff is substantially limited in the major life activity of a properly functioning endocrine system, maintaining blood sugar levels, among others.

23. On or around March 10, 2015, Plaintiff suffered from a hypoglycemic episode while at her home.

24. Plaintiff was treated at Delaware County Memorial Hospital from March 10, 2015 to March 12, 2015.

25. Plaintiff was medically cleared to return to work on March 18, 2015, without any restrictions.

26. Throughout Plaintiff's employment, Defendant dissuaded Plaintiff from taking a lunch break by expecting a high amount of work to be completed in a limited amount of time.

27. In addition, Mike West, Administrator, notified Plaintiff that Defendant's nurses were not expected to take a lunch break because of the work load.

28. Due to Plaintiff's disability of type 1 diabetes, it is crucial that she take a lunch break.

29. On June 4, 2015, Plaintiff suffered a hypoglycemic episode while at work.

30. Plaintiff was able to recover and did not seek medical treatment until the following day.

31. On June 5, 2015, Plaintiff was treated at Delaware County Memorial Hospital and was medically cleared to return to work that same day.

32. However, Mr. West informed Plaintiff that the note from Delaware County Memorial Hospital was insufficient for Plaintiff to return to work and required that she be cleared by her Primary Care Physician, Dr. Dean R. Dennis.

33. On June 8, 2015, Dr. Dennis evaluated Plaintiff and cleared her to return to work.

34. Again, Mr. West refused to allow Plaintiff to return to work and required Plaintiff to receive additional medical evaluations in order to return to work at Defendant.

35. On June 9, 2015, Dr. James B. Carty, Ophthalmologist, evaluated Plaintiff and cleared her to return to work.

36. On June 10, 2015, Dr. Dina E. Green, Endocrinologist, evaluated Plaintiff and cleared her to return to work.

37. On June 11, 2015, Plaintiff was required to take an occupational test at Lankenau Medical Center.

38. The occupational test was conducted by Helena Camarda, PA-C, who cleared Plaintiff to return to work.

39. However, Defendant did not permit Plaintiff to return to work until on or around June 22, 2015, following her five (5) medical clearances.

40. On June 29, 2015, Plaintiff was subjected to a Medication Administration Observation.

41. This was the first time in Plaintiff's 15 years of employment with Defendant that she was subjected to a Medication Administration Observation.

42. Upon information and belief, Plaintiff was the only employee subjected to the Medication Administration Observation.

43. Defendant did not require younger, non-disabled employees to undergo a Medication Administration Observation.

44. On July 2, 2015, Plaintiff was called in to meet with Lisa Adoni, Wellness Director and her direct supervisor, and Paula Monozi, Human Resource Representative.

45. Ms. Adoni proceeded to terminate Plaintiff for four (4) alleged errors that Plaintiff made during her Medication Administration Observation.

46. Upon information and belief, Defendant replaced Plaintiff with Ginger LNU, who is approximately 30 years younger than Plaintiff and non-disabled.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff was born on October 22, 1952.

49. Plaintiff was qualified to perform the job.

50. Defendant terminated Plaintiff.

51. Defendant treated younger employees more favorably than Plaintiff.

52. Defendant has no legitimate non-discriminatory reason for its actions.

53. Defendant replaced Plaintiff with a substantially younger employee.

54. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff was born on October 22, 1952.

57. Plaintiff was qualified to perform the job.

58. Defendant terminated Plaintiff.

59. Defendant treated younger employees more favorably than Plaintiff.

60. Defendant has no legitimate non-discriminatory reason for its actions.

61. Defendant replaced Plaintiff with a substantially younger employee.

62. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

65. Plaintiff was subject to adverse employment actions, including, but not limited to, termination.

66. Circumstances indicate that Plaintiff's disabilities were the reason or the adverse

employment action.

67. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

68. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

69. The purported reason for Defendant's decision is pretextual.

70. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

71. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. Plaintiff is a "qualified individual with a disability" as that term is defined under the Pennsylvania Human Relations Act because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

74. Plaintiff was subject to adverse employment actions, including, but not limited to, termination.

75. Circumstances indicate that Plaintiff's disabilities were the reason or the adverse employment action.

76. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

77. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

8

legal complaint page

78. The purported reason for Defendant's decision is pretextual.

79. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

80. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Brenda Gaddis, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: June 13, 2018            By: /s/ David M. Koller

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

10